LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 14-08884 BRO (JCx) | Date | November 19, 2014 |
|---|---|---|---|
| Title | PRO VALUES PROPERTIES, INC. V. DORA CHI-FANG LIANG | | |

| Present: The Honorable | BEVERLY REID O'CONNELL, United States District Judge | |
|---|---|---|
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**     (IN CHAMBERS)

# ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION

On September 24, 2014, Plaintiff Pro Values Properties, Inc. filed its Complaint in the Superior Court of California, County of Los Angeles, alleging a single cause of action for unlawful detainer under California Code of Civil Procedure section 1161a.  (*See* Dkt. No. 1 at 11.)  On November 17, 2014, Defendant Dora Chi-Fang Liang removed the action to this Court, claiming that Plaintiff violated the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 ("RESPA").  (Dkt. No. 1.)  Based on this alleged violation of federal law, Defendant asserts that this Court has jurisdiction over the present action.

A federal court must determine its own jurisdiction even if there is no objection to it.  *Rains v. Criterion Sys., Inc.*, 80 F.3d 339 (9th Cir. 1996).  The removal statute is "strictly construe[d] . . . against removal jurisdiction," and the removing party "always has the burden of establishing that removal was proper."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Id.*  Jurisdiction must be determined from the face of the complaint.  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Under 28 U.S.C. § 1331, federal courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  A case "arises under" federal law if a plaintiff's "well-pleaded complaint establishes either that federal law creates the cause of action" or that the plaintiff's "right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties."  *Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 13 (1983).

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 14-08884 BRO (JCx) | Date | November 19, 2014 |
|---|---|---|---|
| Title | PRO VALUES PROPERTIES, INC. V. DORA CHI-FANG LIANG | | |

This is an unlawful detainer action, which courts have interpreted to be "purely a matter of state law." *Deutsche Bank Nat'l Trust v. Leonardo*, No. CV 11-3979, 2011 U.S. Dist. LEXIS 83854, at *2 (C.D. Cal. Aug. 1, 2011). Indeed, rare is the case where removal would be proper and federal subject matter jurisdiction lie in a lawsuit involving this type of action.[1] A complaint for unlawful detainer is a very specific action. *See* Cal. Civ. Proc. Code § 1161a. It exists to provide a landlord with a remedy of a speedy eviction. *Childs v. Eltinge*, 29 Cal. App. 3d 843, 853 (Cal. Ct. App. 1973) (affirming that "the very purpose of this statutory, summary procedure, [is] to afford an expeditious and adequate remedy for obtaining possession of premises wrongfully withheld by tenants"). Through unlawful detainer, the owner of real property wrongfully occupied by another may regain possession of that real property and recover damages for unpaid rent. *See De La Vara v. Mun. Court*, 98 Cal. App. 3d 638, 640 (Cal. Ct. App. 1979). Because its purpose is to provide a speedy eviction remedy, the proceeding is intended to be summary. *See id.* ("In California, the remedy of unlawful detainer is a summary proceeding."); *Evans v. Superior Court*, 67 Cal. App. 3d 162, 170 (Cal. Ct. App. 1977). To this end, the procedural timeline in a case involving unlawful detainer is shortened significantly. *See, e.g.*, Cal. Civ. Proc. Code §§ 1167, 1167.3 (making defendant's response due in only five days). Additionally, the scope of the action is limited to the issue of unlawful detainer. *See Childs*, 29 Cal. App. 3d at 852–53. Indeed, "[a]s a general rule, in unlawful detainer proceedings, only claims bearing directly upon the right to possession are involved." *Old Nat'l Fin. Servs. Inc. v. Seibert*, 194 Cal. App. 3d 460, 465 (Cal. Ct. App. 1987).

---

[1] Perhaps if the property's rental value were extremely high, and the property's owner were a citizen of a different state, one might be able to establish federal subject matter jurisdiction based on 28 U.S.C. § 1332. Nevertheless, procedurally speaking, removal would still likely be improper in an unlawful detainer action because it would almost always violate the forum defendant rule, which proscribes removal by a defendant who resides in the state where the action was brought. 28 U.S.C. § 1441(b)(2). This is almost always true in an unlawful detainer action involving a residential dwelling because a defendant is necessarily retaining possession of a residential dwelling, which likely means that he or she is a citizen of the forum where the property is located. It is theoretically possible, however, for a defendant to avoid the forum defendant rule. This is true because "[t]he natural person's state citizenship is . . . determined by her state domicile, not her residence. A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return. [Therefore, a] person residing in a state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (internal citations omitted).

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 14-08884 BRO (JCx) | Date | November 19, 2014 |
|---|---|---|---|
| Title | PRO VALUES PROPERTIES, INC. V. DORA CHI-FANG LIANG | | |

Here, Defendant appears to be alleging that Plaintiff may not proceed with the unlawful detainer action because it has not complied with RESPA, a federal law. To the extent that Defendant intends to rely on a defense created by federal law, such a defense does not establish subject matter jurisdiction. *See Franchise Tax Bd.*, 463 U.S. at 14. A defense is not part of a plaintiff's properly pleaded claim. *See Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). Accordingly, "a case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Franchise Tax Bd.*, 463 U.S. at 14. Therefore, in this case, removal would appear to be improper based on 28 U.S.C. § 1331.

Defendant also references 28 U.S.C. § 1332 as a basis for subject matter jurisdiction. (Dkt. No. 1 at 6.) Under 28 U.S.C. § 1332, federal courts have jurisdiction on the basis of diversity of citizenship if the amount in controversy exceeds $75,000 and the matter is between citizens of different states. 28 U.S.C. § 1332. Where the complaint on its face does not allege damages in excess of $75,000, it is a defendant's burden to show the claim meets the jurisdictional minimum.

On the face of the Complaint, Plaintiff expressly alleges that the amount in controversy does not exceed $10,000. (Dkt. No. 1 at 11.) Although Defendant claims that the amount in controversy in fact exceeds $75,000, she does not make any type of showing to support her assertion. Additionally, Defendant fails to demonstrate, or even allege, diversity of citizenship among the parties. Accordingly, Defendant has not met her burden to establish federal jurisdiction based on 28 U.S.C. § 1332.

In order to assist Defendant, a *pro se*, in responding to this order to show cause, the Court provides here the information for the Federal *Pro Se* Clinic. The Federal *Pro Se* Clinic in Los Angeles is located in:

The United States Courthouse
312 North Spring Street, Room G-19, Main Street Floor
Los Angeles, CA 90012

and can be reached at (213) 385-2977, Ext. 270. Defendant is urged to check the website or call for available hours.

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 14-08884 BRO (JCx)** | Date | November 19, 2014 |
|---|---|---|---|
| Title | **PRO VALUES PROPERTIES, INC. V. DORA CHI-FANG LIANG** | | |

    Accordingly, Defendant is **ORDERED TO SHOW CAUSE by no later than 5:00 p.m. on Wednesday, November 24, 2014**, as to why the Court should not remand this action for lack of subject matter jurisdiction. **Failure to respond by this deadline will be deemed consent to remand.**

    **IT IS SO ORDERED.**

|  | : |  |
|---|---|---|
|  | Initials of Preparer | rf |